United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Action No. |
| | ) 25-10393-NMG |
| Garis Baez Soto, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM & ORDER

GORTON, J.

In November, 2025, the government moved to dismiss all counts against defendant Garis Baez Soto ("Soto" or "defendant") without prejudice (Docket No. 19). The Court granted that motion (Docket No. 21). Defendant thereafter moved to dismiss with prejudice (Docket No. 22), which the government opposed (Docket No. 23). For the reasons that follow, defendant's motion will be denied.

While a district court has discretion to mandate dismissal with prejudice, that drastic remedy is usually reserved for cases in which the government acted in bad faith. See United States v. Suazo, 14 F.4th 70, 75 (1st Cir. 2021) (collecting cases). The Court finds that the government did not act in bad faith in seeking dismissal without prejudice. The cases defendant proffers in support of his motion are factually distinguishable and demonstrate examples of prosecutorial bad

faith that are not present in the instant case, e.g. the government ignoring the district court's warning that it was concerned about the government's pattern of prosecuting and deporting defendants and would consider dismissal with prejudice should it continue. In the instant case, absent any evidence to the contrary, the Court presumes that the government acted in good faith. See Suazo, 14 F.4th at 73.

Defendant also argues that his Sixth Amendment rights were violated when he was deported while criminal charges were pending. The Court finds that defendant was not prejudiced in preparing a defense. The government promptly dismissed the indictment when defendant, because of his deportation, was unable to participate meaningfully in his defense. He will not face the charges in the indictment unless he returns to the United States and is arrested, at which point he would have the constitutional right once again to participate in his own defense. The Court has no reason to believe defendant will be prejudiced in preparing a defense should that become necessary in the future.

## ORDER

For the reasons stated above, the Court will not mandate dismissal with prejudice. Defendant's motion (Docket No. 22) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: December 29, 2025